

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

June 23, 1995

Mr. William Grossenbacher
Administrator
Texas Employment Commission
101 East 15th Street
Austin, Texas 78778-0001

Opinion No. DM-356

Re: Authority of the Texas Employment Commission to transfer or assign a lien or notice of assessment based on unpaid wages, under chapter 61, Labor Code, to the wage claimant   (RQ-745)

Dear Mr. Grossenbacher:

You ask with regard to wage claims made to the Texas Employment Commission (the "commission") under subchapter D (sections 61.051 - .066), chapter 61 of the Labor Code, for which the commission has issued "final orders" ordering payment by the employer, whether "the State of Texas [can] transfer or assign [a lien and/or] a Notice of Assessment based on unpaid wages to the wage claimant, so the claimant might pursue collection efforts on his own." By way of background we review the relevant provisions.

An employee, other than a public employee, may file a claim for unpaid wages with the commission. Labor Code §§ 61.003, .051. The commission analyzes the claim and issues a "preliminary wage determination order" either dismissing the claim or ordering payment of wages determined to be due and unpaid. The commission may include in the order an order to pay an administrative penalty if it determines the employer acted in bad faith in not paying the wages. *Id.* §§ 61.052 - .053. "Either party may request a hearing to contest a preliminary wage determination order." *Id.* § 61.054.   The request for hearing must be made in writing not later than twenty-one days after the commission mails the parties notice of the preliminary order. Otherwise the preliminary order becomes "the final order of the commission for all purposes" including "judicial review . . . under [subchapter D]." *Id.* § 61.055. The employer is to pay the amount ordered--less valid, itemized deductions--to the commission by such twenty-first day after notice of the order was mailed. "Payment to the commission constitutes payment to the employee for all purposes." *Id.* § 61.056(b); Act of May 21, 1993, 73d Leg., R.S., ch. 456, § 2, 1993 Tex. Sess. Law Serv. 1833, 1834.[1]

---

[1]The provisions of chapter 61, Labor Code, were codified in 1993. Act of May 12, 1993, 73d Leg., R.S., ch. 269, 1993 Tex. Sess. Law Serv. 990. They formerly appeared as V.T.C.S. article 5155, which was repealed by the 1993 codifying act. Without reference to that repeal another 1993 bill amended article 5155. Act of May 21, 1993, 73d Leg., R.S., ch. 456, 1993 Tex. Sess. Law Serv. 1833. Pursuant to Government Code section 311.031(c) the amendments must be given effect as part of chapter 61.

If a hearing on the preliminary order is requested, the commission must notify the parties of the hearing by the twenty-first day after receiving the request, and conduct the hearing within forty-five days of such notice. Labor Code § 61.057. After the hearing--at which the commission may modify, affirm, or rescind its preliminary order--the commission enters an order for the payment of wages and penalty amounts determined due and mails notice thereof to the parties. The order becomes "final" fourteen days after it is mailed unless "a party to the appeal files a written motion for rehearing" or "the commission reopens the hearing" before that date; however, a party may file suit in the proper court to appeal .the "final order" within sixty days after it was mailed. *Id.* § 61.059 - .062; Act of May 21, 1993, 73d Leg., R.S., ch. 456, § 2, 1993 Tex. Sess. Law Serv. 1833, 1834. In any case, if the commission's final order requires the employer to pay wages or a penalty, he is to pay such amounts to the commission within sixty days after the commission's order becomes final. Labor Code § 61.063; Act of May 21, 1993, 73d Leg., R.S., ch. 456, § 2, 1993 Tex. Sess. Law Serv. 1833, 1834.[2] "Not later than the 30th day after the date on which a claim is finally adjudicated or otherwise resolved," the commission is to pay the claimant "wages collected under [subchapter D]" (presumably less any amounts remitted) along with any interest accrued. Labor Code § 61.064.

Your specific concerns are with situations where there is no court appeal of the commission's final order. "A final order . . . against an employer *indebted to the state* for penalties or wages, unless timely appealed," constitutes "a lien on all the property belonging to the employer." *Id.* § 61.081(a) (emphasis added). "The lien for an unpaid debt attaches at the time the order . . . becomes final." *Id.* § 61.081(b). Administration and enforcement of the lien by the commission is as for tax liens under chapter 113, subchapters A and B, Tax Code. *Id.* § 61.082. Liens may be recorded in the book entitled "State Tax Liens" kept by the county clerk. *Id.* § 61.083.

Also, pursuant to an unappealed final order, the commission may serve a "notice of assessment" on a defaulting employer, which "is prima facie evidence of the contents of the notice." Act of May 21, 1993, 73d Leg., R.S., ch. 456, § 2, 1993 Tex. Sess. Law Serv. 1833, 1834. The party served may contest the notice in court, but if he doesn't do so within thirty days of service, the notice "shall be treated as if it were a final judgment of a district court, and shall be recorded, enforced and renewed in the same manner." *Id.*

Noting that both "the administrative liens and Notices of Assessment presently being filed by Texas Employment Commission identify the claimant whose wage claim occasioned the final determination and order, as well as the amount of wages due, [but

---

[2]Failure to make such payment constitutes a waiver of the right to judicial review unless an affidavit of inability to pay is filed with the reviewing court's clerk within that time. Where there has been a court appeal, the amounts paid to the commission are deposited in an interest bearing escrow account. Amounts of the moneys thus deposited which a reviewing court determines not to be owed are to be remitted by the commission with interest. Act of May 21, 1993, 73d Leg., R.S., ch. 456, § 2, 1993 Tex. Sess. Law. Serv. 1833, 1834.

that] both the administrative lien and the Notice of Assessment are filed in the name of the State of Texas," your specific question, again, is whether "the State of Texas [can] transfer or assign [a lien based on unpaid wages and/or] a Notice of Assessment based on unpaid wages to the wage claimant, so the claimant might pursue collection efforts on his own."

In our opinion, such transfers or assignments were not contemplated by the legislature in the applicable provisions. Nor do we find any basis in those provisions from which commission authority to make such transfers or assignments can be reasonably derived. *See* 2 TEX. JUR. 3D *Administrative Law* § 11 (1979) (and authorities cited there) (state agency has only such powers as are expressly conferred on it by statute, together with those necessarily implied from powers and duties expressly given or imposed). By "transferring" or "assigning" the notices or liens, the commission would necessarily be relinquishing its interest in the liens or notices. Even though the commission has considerable authority under chapter 61--section 61.002 gives the commission authority to "adopt rules as necessary to implement" the chapter--we think that the department's disposing of its interest in and control over the notices and liens without having obtained the wages owed to the claimant would be such a departure from the actual provisions of chapter 61 as to require further legislative authorization for it to be a valid exercise of commission powers.

Chapter 61 makes specific provisions for the enforcement of the commission's final orders and the liens and notices of assessment derived from them. The attorney general or commission may bring suit in Travis County to enforce final orders from which no appeal has been taken. Labor Code § 61.066; Act of May 21, 1993, 73d Leg., R.S., ch. 456, § 2, 1993 Tex. Sess. Law Serv. 1833, 1834. Unappealed notices of assessment "shall be recorded, enforced, and renewed in the same manner" as "the final judgment of a district court." *Id.* "If the liability secured by the lien is fully paid, the commission shall mail a release to the employer." Labor Code § 61.084. Although the provisions of Tax Code chapter 113, subchapters A and B--applicable under section 61.082 to the commission's enforcement of its liens--provide for the assignment of "judgment[s] perpetuating and foreclosing . . . tax lien[s] for the amount of the taxes covered in the judgment," Tax Code § 113.107(a), they make no provisions for assignment or transfer of liens appropriate or applicable to the assignments and transfers you ask about, which we assume would not involve consideration, at least in amounts equal to the underlying debts. *See also* Tax Code §§ 111.251 - .255 (specific provisions for assignment of state tax claims upon payment by assignee of taxes, fines, penalties, and interest due).

Had the legislature intended to authorize the kinds of assignments or transfers you ask about, we think it would have specifically done so, in the manner that it has specified other means of enforcement of the liens and notices of assessment. Again, we conclude

that the commission lacks authority to transfer or assign a lien or notice of assessment based on unpaid wages, under chapter 61, to the wage claimant.[3]

You also ask whether "a wage claimant for whose use and benefit the State of Texas [holds a lien or] has perfected a Notice of Assessment precluded from pursuing on his own statutory and common law remedies to get execution on that [lien or] Notice of Assessment because it was created in the name of the State?" We assume that you are asking here about situations where the commission has not assigned or transferred the liens and Notices of Assessment to the employee/claimant. Also by "perfected a Notice of Assessment," we understand you to refer to a notice of assessment that, because it was uncontested or upheld after judicial review, is to be "treated as if it were the final judgment of a district court." *See* Act of May 21, 1993, 73d Leg., R.S., ch. 456, § 2, 1993 Tex. Sess. Law Serv. 1833, 1834.

With respect to liens, we find no authority for a person other than the "lienholder"—here, the State of Texas—to "get execution" thereon. *See* 50 TEX. JUR. 3D *Liens* §§ 31 - 33 (1986) (and authorities cited there). Also, as discussed above, we believe that chapter 61 of the Labor Code and the provisions of chapter 113 of the Tax Code referenced there provide the exclusive procedures for enforcement of the liens in question. Section 61.082 imposes the duties and authority of enforcing these liens on the commissioner. Similarly, as for Notices of Assessment which have come to have the effect of court judgments, we find no authority for a person other than the "owner" of a judgment—here, the State of Texas—to obtain a writ of execution thereon. *See* 34 TEX. JUR. *Enforcement of Judgments* § 6 (1984) (and authorities cited there).[4]

---

[3]Similarly, since assignment or transfer, without consideration, of liens and notices of assessment which included penalty assessments owed to the commission rather than the employee/claimant would clearly run afoul of constitutional prohibitions on grants, *see* Tex. Const. art. III, § 51, we think that the legislature would have specifically provided for the severance of these interests from the lien or notice of assessment to be assigned or transferred had it contemplated such assignments or transfers.

[4]Please note that, apart from the issue of whether he can get execution directly on the lien or notice of assessment, we do not address what effect introduction of a copy of the lien document or notice of assessment would have in a proceeding brought by the wage claimant for the wages due.

## S U M M A R Y

The Texas Employment Commission lacks authority to transfer or assign a lien or notice of assessment based on unpaid wages, under chapter 61, Labor Code, to the wage claimant.  The wage claimant may not directly get execution on a lien or notice of judgment held by the commission in the name of the state.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General